(57 App. Div. 587.)

### MOSS v. CRIMMINS et al.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

STREET RAILROADS—CONSTRUCTION—INJURIES—QUESTION FOR JURY.

> In an action against a street-railway company and a subcontractor for personal injuries sustained by plaintiff by stepping into a hole in the street while walking towards a car, all that was shown as to the cause of the defect was that the company had been engaged in changing its motive power, and that contracts had been let to different persons, who had sublet portions of the work; but there was no evidence showing when the work was commenced, or when the portion of the work let to the defendant subcontractor was finished, or when the street was restored to its original condition, and there was no evidence as to the extent of the excavation required to complete the work, or the extent of the excavation actually made, or who made it, or whether the hole in question was within the line of that excavation. *Held*, that the proof was insufficient to show that the condition of the street arose from any act of either of the defendants, and it was, therefore, error to submit the case to the jury.

Appeal from trial term, New York county.

Action by Rachel Moss against Thomas E. Crimmins and the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles F. Brown, for appellant Metropolitan St. Ry. Co.
Charles C. Nadal, for appellant Crimmins.
S. Livingston Samuels, for respondent.

RUMSEY, J. On the evening of the 1st of December, 1897, the plaintiff was standing on the sidewalk on the east side of Madison avenue between Eighty-Fifth and Eighty-Sixth streets, waiting the approach of a street car which she desired to take. As it approached she walked out from the curb towards the center of the street, and then turned and walked down towards the car for a few steps; but before she reached it her leg went into a hole, and she fell and she was injured. She brings this action to recover for the injuries she suffered, alleging that the defendants were guilty of negligence in leaving the hole in the street. At the close of the plaintiff's case, and again at the close of the defendant's case, each defendant moved to dismiss the complaint upon the ground that there was not sufficient evidence of negligence on the part of either defendant. These motions were denied, and the case was submitted to the jury upon special questions framed by the court; and, after the answers had been returned by the jury, judgment was entered upon their verdict for the amount fixed by them as the damages which she had sustained. A motion for a new trial was made and was denied, and from the judgment and the order this appeal is taken.

In determining the case we have not found it necessary to examine any other question than whether there was sufficient evidence to warrant the finding of the jury that the defendants were guilty of negligence. The parol testimony was that largely of the plaintiff herself, who testified, as stated above, that she was standing on the sidewalk on the east side of Madison avenue, between Eighty-Fifth and Eighty-Sixth streets, waiting for a car which she desired to take. Before she reached that point she had been standing on the northeast corner of Eighty-Sixth street and Madison avenue. She noticed that the cars did not stop there, but in the middle of the block, and she determined to go further down the street to take the car. She noticed, as she says, that the corner on the other side of Eighty-Sixth street, just south of her, was torn up; and, therefore, to reach the place she desired to go, she crossed the avenue to the other side, and went south along it to a point about midway between Eighty-Fifth and Eighty-Sixth streets, where she crossed back to the east sidewalk of the avenue, and there stood waiting for the car. Just where the street was torn up, she does not say definitely. She does say, however, that the railroad tracks were all right, so far as she could see. The hole into which she fell was, as she says, some four or five feet outside the tracks, so that when she fell into the hole the wrist of her extended arm just touched the rail of the track. All that she is able to say about the condition of the street at that point is that it did not appear to be paved, because she walked on earth; but, except for that statement, and the inference to be drawn from the fact that she stepped into a hole in the street, there is no evidence as to its condition. The serious question, however, is not as to the existence of the hole, which is sufficiently established for the jury to have found that it existed, but as to the cause of the defect. With respect to that matter it appears that during the summer and fall of 1897 the railroad company had been engaged in changing the motive power upon its road. It had let the contracts for doing this work to different persons. Thomas E. Crimmins was a subcontractor for a certain portion of the work, extending from Forty-Second to Ninetieth street. Just when the work was commenced does not appear, nor does it appear when that portion of the work which Crimmins had contracted to do was finished. Neither is there any evidence showing the extent of the excavation required or made in completing it; nor is there any evidence as to the time when the work was finished, except that of Travis, who testifies that in the latter part of November the cars were running; but neither he nor any one else was able to say just when the street was restored to its original condition, although possibly it is fair to assume that no pavement had been laid on the sides of the track. There is an absolute dearth of evidence tending to show the extent of the excavation at this point which was required to complete the contract, or the extent of the excavation actually made, or who made it, or whether this hole into which the plaintiff fell was within the area of that excavation; and as to all these matters the jury were left to such inferences as they might fairly draw from the evidence. All that was shown was that the motive power was to be changed;

that more than one contractor was employed for that purpose; that the Barber Asphalt Company was employed to relay the pavement taken up in the progress of the work. But beyond that there was no evidence as to the extent of the excavation, where it was made, by whom dug, or whether the hole into which the plaintiff fell was within the line of the excavations, and whether that excavation was necessary to the performance of the work in which the company was engaged. In the absence of that evidence, we think that the jury were not at liberty to infer either that the work was done by Crimmins, or that it was procured to be done by the railroad company as a part of the work of changing the motive power of its road. There was, therefore, a failure on the part of the plaintiff to prove that the condition of the street arose from any act of either of the defendants, and on that account there was a lack of evidence to show that the defendants were guilty of negligence, and for this reason the motion to dismiss the complaint should have been granted.

The judgment and order must therefore be reversed, and a new trial granted, with costs to each appellant to abide the result of the action. All concur.